**BORDONARO BROS. THEATRES, Inc. v. PARAMOUNT PICTURES, Inc. et al.**

Civ. No. 4722.

United States District Court,
W. D. New York.

July 6, 1953.

See also, 2 Cir., 176 F.2d 594.

Gray, Anderson, Schaffer & Rome, Philadelphia, Pa. (Francis Anderson, Philadelphia, Pa., and Joseph C. Bordonaro, Olean, N. Y., of counsel), for plaintiff.

Raichle, Tucker & Moore, Buffalo, N. Y. (Frank G. Raichle and James O. Moore, Jr., Buffalo, N. Y., of counsel), for defendants, Paramount Pictures, Inc., and Warner Bros. Circuit Management Corporation.

Sidney B. Pfeifer, Buffalo, N. Y., for defendant, RKO Radio Pictures, Inc.

KNIGHT, Chief Judge.

Plaintiff has moved for an award of an Attorney's fee pursuant to 15 U.S.C.A. § 15, returnable in this Court June 29, 1953. On the return day arguments were made, plaintiff requesting a fee of six thousand dollars and defendants having opposed the motion solely on the ground that the amount sought was excessive.

This Court has had more or less intimate contact with two actions in this Court which arose through the conspiracy of defendants to the injury of plaintiff. Plaintiff has recovered jury verdicts against defendants in both actions, whose amounts have been trebled. In the present action the jury verdict was for $7500 and is the product of the efforts of plaintiff's attorneys; the trebling of that amount is provided by statute. Bigelow v. RKO Radio Pictures, Inc., 7 Cir., 150 F.2d 877, 883; Twentieth Century-Fox Film Corp. v. Brookside Theatre Corp., 8 Cir., 194 F.2d 846, 859.

The uncontroverted affidavit of Francis Anderson, plaintiff's counsel, in support of this motion states that eight days were spent in court in connection with the trial of this case and in addition that there were two pre-trial oral examinations, one in Buffalo and the other in Philadelphia, and two pre-trial conferences with the Court and at least 350 hours in marshaling of facts, examination of law and preparation for trial.

Having in mind that the same attorneys and counsel had conducted the previous trial in this Court, Burke, J. presiding, where like or identical issues, then unproved, were involved and the attorney's fee on a jury verdict of $28,500 was there stipulated at $18,000, and that this action was to recover damages for continuation of that conspiracy which had theretofore been found and whereby the task of counsel had been made easier and concern for success had been practically eliminated, the award to be made should have consideration for the work and skill involved and the reasonableness of the amount measured by the standards of fees ordinarily charged in this district. Straus v. Victor Talking Machine Co., 2 Cir., 297 F. 791, 805; William H. Rankin Co. v. Associated Bill Posters of U. S., etc., 2 Cir., 42 F.2d 152, 156; Dumas v. King, 8 Cir., 157 F.2d 463; Milwaukee Towne Corp. v. Loew's, Inc., 7 Cir., 190 F.2d 561. It is not easy to decide what sum is just and reasonable in matters of this kind. This was not a pioneer case. There were no novel questions to tax the ingenuity or skill of counsel as the prior case had been charted and successfully completed. The record of that trial and the knowledge of the masterful preparation therefor were in the possession of plaintiff's counsel. A prima facie case against the defendants was at hand so that it was only necessary to produce evidence of the continuation of the

198

conspiracy and make proof arising from such practice during the period of time elapsed between that date from the prior recovery and the date of the termination of the conspiracy. The determination of the amount of the attorney's fee should not be calculated on the basis of a contingent fee. Nor should the fee be determined by a different standard because it is to be paid by defendants rather than by plaintiff. It is my belief that an award of forty-five hundred dollars should be adequate and fair under the circumstances.

Plaintiff is awarded the sum of forty-five hundred dollars for its attorney's fee in this action.